**JOHNSON, Plaintiff-Appellant, v. BEATTY, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5097. Decided October 27, 1954.

Russell H. Jackson, Jr., William L. Ranaghan, Columbus, for plaintiff-appellant.

Edmund B. Paxton, Columbus, for defendant-appellee.

(MONTGOMERY, PJ of the 5th District; GRIFFITH & NICHOLS, JJ, of the 7th District, sitting by designation.)

## OPINION

By NICHOLS, J.

On the 30th day of January, 1954, the plaintiff, Melba Johnson, filed her petition in the Common Pleas Court of Franklin County, Ohio, alleging that plaintiff is the wife of and dependent upon Samuel Johnson, Jr., for support and in substance alleging that defendant, Otto Beatty, is and at all times herein mentioned was operating and conducting a gambling scheme or game, to wit, a policy or numbers lottery, and that said policy or numbers game is, and at all times herein mentioned was, operated by defendant in and about Franklin County, Ohio.

Plaintiff further alleges that defendant received to plaintiff's use and

is indebted to the aforesaid Samuel Johnson, Jr., for money lost in said gambling scheme from the 1st day of March, 1949, to the 13th day of March, 1952, the sum of $14,310.00; that no action to recover same has been commenced by the aforesaid Samuel Johnson, Jr. The prayer of plaintiff's petition is for judgment against defendant, Otto Beatty, for the sum of $14,310.00 plus the sum of $500.00 exemplary damages and her costs.

To such petition the defendant filed his demurrer on the ground that the action was barred by the statute of limitations, in that it was an action to collect for a penalty or forfeitures and had to be brought within one year from the date the cause of action accrued. This demurrer of defendant was sustained by the trial court and plaintiff's action was dismissed. From such judgment of dismissal appeal is prosecuted to this Court of Appeals upon questions of law.

It is noted that on the face of the petition it is alleged that plaintiff's husband ceased his alleged gambling operations with the defendant on the 13th day of March, 1952. This action was not brought until January 30, 1954.

Defendant's demurrer admits that Samuel Johnson, Jr., did not commence any action against the defendant for six months next after March 13, 1952. During such six months period no one other than Samuel Johnson, Jr., was privileged to bring the action under the applicable provisions of §5966 GC, now §3763.02 R. C. The wife's cause of action accrued Sept. 13, 1952. The question which arises in this case is whether plaintiff's action is one for a penalty, such an action concededly being limited to one year from the date the cause of action arose. The plaintiff claims that her action is not one for penalty and that §5966 GC, is a remedial statute rather than one for a forfeiture or penalty, and therefore is not barred until six years after the cause of action accrued as provided in §2305.07 R. C., former §11222 GC. It therefore appears that the sole question for determination is whether plaintiff's action is one for a penalty, as determined by the trial court. We believe this question has been settled by the Supreme Court of Ohio in the case of **Cooper v. Rowley, 29 Oh St 547**, wherein that Court interpreted the gaming statutes in effect at that time as authorizing or creating an action for the recovery of a penalty whereby the action must be brought within one year from the date the cause of action accrued. The present gaming statutes are in all material respects as they were in 1831 at the time of the decision in Cooper v. Rowley, supra. The decision in the cited case disposes of the claim of plaintiff that her action is one upon an implied contract rather than one for the enforcement of a penalty or forfeitures. Examining the allegations of plaintiff's petition and comparing the same with the date her action was instituted in the Common Pleas Court it is quite apparent that an otherwise valid action for recovery was commenced after the statute of limitations had tolled her right to bring such action, and that the Common Pleas Court was not in error in sustaining the demurrer to plaintiff's action and in dismissing the same.

However much this Court may regret the inability of plaintiff to recover from the operator of a gambling game known as "Numbers" it must be understood that her failure is due entirely to the fact that her action was not timely brought.

Judgment of the Common Pleas Court affirmed.

MONTGOMERY, PJ, GRIFFITH, J, concur.